IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| James Sims,                           )<br>                                              )<br>        Petitioner,              )<br>                                              )<br> vs.                                       )<br>                                              )<br> Bureau of Prisons and Residential  )<br> Reentry Manager, North Central Region, )<br>                                              )<br>        Respondents.         ) | Case No. 3:25-cv-173<br><br>**ORDER** |

Petitioner James Sims, a former inmate now serving a term of supervised release, petitioned for habeas relief under 28 U.S.C. § 2241. (Doc. 1). Sims seeks relief from an alleged improper denial of First Step Act (FSA) time credits, asserting the time credits should have been calculated from the date of his sentencing rather than from the date he arrived at the federal correctional facility to which he had been designated. Id. at 2. The parties have consented to the exercise of jurisdiction of a magistrate judge. (Doc. 3; Doc. 10).

**Background**

Sims was sentenced to fifty-two months' imprisonment and five years' supervised release on March 28, 2024. United States v. Sims, No. 1:23-cr-65, Doc. 42 (D.N.D. Mar. 28, 2024). At his request, the district judge recommended Sims be placed in a federal facility near Jesup, Georgia. Id. at 3. At the conclusion of the sentencing hearing, Sims was remanded to the custody of the United States Marshal. Id.

According to a Bureau of Prisons (BOP) Senior Regional Correctional Programs Specialist, Sims arrived at Federal Correctional Institution (FCI), Jesup, on June 7, 2024, with his full term of incarceration scheduled to expire on September 1, 2027. (Doc. 13, p. 2). He was assessed under the Prisoner Assessment Tool Targeting

Estimated Risk and Needs to measure his recidivism risk and criminogenic needs. Id. at 3, 7, 9. And he began earning FSA time credits on June 7, 2024. Id. at 10. Sims completed his term of imprisonment on September 26, 2025.[1] Id. at 2.

The FSA included provisions to establish new evidence-based recidivism reduction (EBRR) programs and to provide incentives and rewards to federal prisoners who participate in and complete EBRR programming. See 18 U.S.C. § 3632(a), (d). Among the incentives and rewards is the ability to earn time credits for successful completion of EBRR programs. Id. § 3632(d)(4).

Section 3632(d)(4)(A)(i) provides that an eligible prisoner, who successfully completes EBRR programming or "productive activities," "shall earn 10 days of time credits for every 30 days of successful participation" in EBRR programming or productive activities. Id. Under certain circumstances, a prisoner may be eligible to earn an additional five days of time credit for every 30 days of participation in EBRR programming. Id. § 3632(d)(4)(A)(ii).

The BOP's regulations "provide that an eligible inmate begins earning FSA credits after the date the inmate arrives at the designated BOP facility where the sentence will be served." (Doc. 13, p. 5) (citing 28 C.F.R. § 523.42(a)). The "designated facility rule" was adopted "because inmates do not have their risk and needs assessment or programming assignments . . . until they are at their designated facility." Id. Sims argues he should have received FSA time credits from the date he was sentenced. The dispute here is whether Sims was entitled to earn and receive FSA time credits between the date

---

[1] Sims' projected conditional release date was September 27, 2025, but because the BOP does not release inmates on Saturdays, he was released on September 26, 2025. (Doc. 11, pp. 7-8; Doc. 13, p. 2).

2

of his sentencing hearing, March 28, 2024, and the date he arrived at the designated BOP facility, June 7, 2024.

The United States moves to dismiss Sims' § 2241 petition, contending (1) Sims failed to exhaust the BOP administrative process; (2) the petition is moot because Sims completed his sentence of imprisonment on September 26, 2025; and (3) the BOP correctly calculated that Sims' FSA time credits did not begin to accrue until after Sims arrived at the designated facility. (Doc. 11, pp. 1-2). In response, Sims argues (1) he substantially complied with the BOP administrative process; (2) the BOP's designated facility rule has no basis in the statutory text of the FSA; and (3) the court can grant meaningful relief by declaring that the BOP violated his rights, terminating his supervised release early under 18 U.S.C. § 3583(e)(1),[2] and preserving any potential claims under Bivens[3] or the Federal Tort Claims Act (FTCA). (Doc. 17, pp. 1-2). Because Sims' § 2241 petition has been rendered moot by completion of his term of imprisonment and transfer to supervised release, the court does not address the issues of administrative exhaustion or the BOP's "designated facility rule."

## Law and Discussion

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). The court assumes Sims' petition presented an issue that was ripe

---

[2] A motion to modify conditions of supervised release or terminate supervised release under 18 U.S.C. § 3583(e) must be made in a defendant's criminal case rather than in a § 2241 petition. See 18 U.S.C. § 3583 (providing authority and options available to a court when imposing a sentence of imprisonment that includes a term of supervised release).

[3] Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971).

at the time the petition was filed. Nevertheless, a petition may become moot if during the course of litigation "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998).

The United States Supreme Court instructs the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Id. at 7. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. Because Sims was released from custody, his petition is now moot unless he shows habeas relief would provide some genuine relief.

Sims' petition does not challenge the validity of his conviction. A challenge to the conviction itself "always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury" that is only "redressable by invalidation of the conviction." Id. Instead, Sims complains he should have received additional FSA time credits between March 28 and June 7, 2024. As the petitioner, Sims has the burden to show some continuing collateral consequence from his inability to earn FSA time credits prior to his arrival at FCI Jesup. See id. at 8. Stated differently, Sims must show how a retroactive award of FSA time credits would benefit him now that he has completed his term of imprisonment. The court may not presume collateral consequences. Id. at 14.

In Leiter v. Nickrenz, a petitioner sought restoration of good-time credits that were lost in a prison disciplinary proceeding. 697 F. App'x 470, 471 (8th Cir. 2017) (per curiam). The Eighth Circuit held the petitioner's § 2241 petition was rendered moot when he was released from prison while the appeal was pending. Id. Because returning the petitioner's good-time credits would not have affected his term of supervised release

and no other collateral consequences were evident, the petition was dismissed on appeal. Id. (citing United States v. Johnson, 529 U.S. 53, 54-59 (2000) (holding supervised release begins when a prisoner is released from prison and serving excess prison time cannot offset the length of a supervised release term)). Other Eighth Circuit cases hold similarly. See, e.g., Smith v. Eischen, No. 24-3575, 2025 WL 2319149, at *1 (8th Cir. Aug. 12, 2025) (affirming the dismissal of a § 2241 petition challenging the BOP's calculation of FSA time credits as moot when petitioner was eligible for a residential re-entry center placement, notwithstanding a delay in that placement); Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (concluding two petitioners' § 2241 claims became moot when they were transferred to residential re-entry centers); James v. T.C. Outlaw, Warden, 142 F. App'x 274, at *1 (8th Cir. Aug. 9, 2005) (per curiam) (dismissing a § 2241 petition challenging a wrongful revocation of good-time credits as moot when the petitioner was released from prison while his appeal was pending).

Following Leiter, district courts in the Eighth Circuit have dismissed § 2241 petitions challenging the calculation or application of FSA time credits or seeking restoration of good-time credits when the petitioner has been released or placed on supervised release. See, e.g., Burke v. Garrett, No. 2:22-cv-00245, 2025 WL 310656, at *1 (E.D. Ark. Jan. 8, 2025) (holding the petitioner's release from a correctional facility mooted a petition seeking early release under the FSA); George v. Garrett, No. 2:23-cv-00192, 2023 WL 8261310, at *2 (E.D. Ark. Nov. 13, 2023) (concluding a § 2241 petition seeking application of FSA time credits toward placement at a residential reentry center was rendered moot by the inmate's transfer to that center while petition was pending); Roberts v. Yankton FPC, Warden, No. 4:21-CV-04155, 2022 WL 22289048, at *2

(D.S.D. July 29, 2022) (finding the § 2241 petition was rendered moot because the inmate had begun supervised release while petition was pending). Therefore, even if Sims were entitled to earn FSA time credits from the date of sentencing until he arrived at FCI Jesup, the court could not provide any relief because Sims completed his term of imprisonment and FSA time credits cannot be used to reduce the length of a term of supervised release. See Johnson, 529 U.S. at 54-59; Leiter, 697 F. App'x at 471.

Sims asserts the court may nonetheless provide meaningful relief through Bivens, the FTCA, or declaratory relief.[4] (Doc. 17, p. 2). Those assertions are insufficient to avoid dismissal. This action involves a petition for habeas relief under 28 U.S.C. § 2241. Habeas relief does not extend to issuing declaratory relief or resolving claims for damages. 28 U.S.C. § 2241(c) (outlining the circumstances in which habeas relief is available). If Sims desires to pursue a Bivens and/or FTCA claim, he will need to do so through the appropriate legal process.

## Conclusion

For the reasons discussed, it is **ORDERED** that the United States' motion to dismiss, (Doc. 21), is **GRANTED** and Sims' petition for habeas relief, (Doc. 1), is **DENIED**. Additionally, the court finds any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

Dated this 29th day of December, 2025.

> */s/ Alice R. Senechal*
> Alice R. Senechal
> United States Magistrate Judge

---

[4] Sims' request for declaratory relief is also moot because Sims' sentence of imprisonment is complete. See Just. Network Inc. v. Craighead Cnty., 931 F.3d 753, 764 (8th Cir. 2019) (holding a request for declaratory relief in a § 1983 action is limited to prospective relief, not retrospective adjudication of rights).